*Court of Common Pleas, Dauphin County, May 1st, 1863.*

MATTER ET UX. *v.* FETTERHOFF.

A devise of the use and income of a sum of money to a person during life, and upon his death without issue, the principal to revert to the estate of the testator, gives to the devisee only the right to the interest of the money during his life.
Rewalt *v.* Ulrich, 11 H. 388, distinguished.

BY THE COURT.—This case presents a single question: Is Margaret Matter entitled to the absolute ownership of seven hundred dollars under the will of her late father, George Fetterhoff, deceased, or is she only entitled to the interest on the money during her life? The answer depends on the proper construction of the will, which is in these words, so far as relates to this bequest: "Item, I will unto my daughter Margaret, intermarried with Thomas Matter, the use and income of seven hundred dollars during her life, and at her death, the principal, in default of issue, shall revert to my estate." If this clause stood alone, and without explanation in other parts of the same instrument, there would be no difficulty in coming to the conclusion that the testator only intended to leave to his daughter Margaret the use and income of seven hundred dollars, with a limitation over of the principal in favor of his own right heirs, if she died without issue. But that conclusion is greatly strengthened by other parts of the will. In an after clause he proceeds to bequeath certain moneys to all of his children, for the purpose of equalizing them, but in

the bequest to Margaret, he uses this language: "All the sums of money to be received by my daughter Margaret under this will, shall be invested for her use, or used by her during her life, and at her death, in default of bodily issue, the principal shall revert to my estate." It is true that this legacy is changed in the codicil to an absolute gift, but the seven hundred dollars in controversy is again ordered to be invested for her use as before directed, and the residue of the bequest is given to her absolutely. If anything further were wanted, it is to be found in the form of bequest to his other daughters. In the one immediately preceding, he says, "I will unto my daughter Susanna, intermarried with Valentine Ulrich, the sum of seven hundred dollars," being an absolute gift; and then the language in the gift to Margaret is at once changed, as before set forth, showing that the testator knew and understood the force of language, and intended that Margaret should never receive the seven hundred dollars, but that it should be so invested as to secure to her the use of the money, that is, to draw the interest during her life, and the principal, on her death without leaving issue, should go into his general estate for the use of his heirs. · Is there any rule of law which will prevent this intention from being carried into effect? There is no gift of the money to Margaret; it is to be invested. She is to have the use and income of it merely during her life, and immediately on her death the principal reverts, and goes into the general estate of the testator. But this is to occur only on default of issue. If this limitation over is to take place after an indefinite failure of issue, it is void, the contingency being too remote. But, as we understand, it is on failure to *leave children living at the time of her death.* The word issue, manifestly means children, as here used, and in default of leaving such heirs living at the time of her death, the property at once reverts. It is restricted to the life of the first taker, as in Scott v. Price (2 S. & R. 59), and any words will be taken hold of to restrain the gift, so that it shall take effect on the death of the first taker (Deihl v. King, 6 S. & R. 31). The contingency is no more remote and the failure no more indefinite as to time, than in Mifflin v. Mifflin (6 S. & R. 460). Here it is expressly confined to the death of the first taker, and to take effect at once on that occurrence. In the last-named case it was only *implied* that it was to occur on that contingency. In Rapp v. Rapp (6 Barr, 45) where it was said, "If any of my children should die unmarried, and without lawful issue, the share or portion of him or her so dying, shall revert back to the survivors," was held good as an executory devise; so also in Atkinson v. Hutchinson (3 P. W. 258), and a host of other cases might be cited to the same effect.

It is said, however, that the words here used amount in law to an entailment of this money, and whatever creates such an

[Matter et ux. *v.* Fetterhoff.]

interest in chattels is equivalent to their absolute gift to the first taker. This is undoubtedly sound. Personal property cannot be entailed. But it is equally sound that words which would create an estate tail in land will not be so construed as to goods, as the one tends to promote, the other to destroy, the intention of the testator, by giving that absolutely which was only intended as a donation for life (2 Jarman on Wills, 306; 1 Roper, 86; 1 P. W. 432, 5 M. & S. 95 to 100; Atkinson *v.* Hutchinson, 3 P. W. 259). Even words in the same will have been construed to give an estate tail in land and a life interest in chattels. The word issue is very often construed to mean *children,* when thereby the general intention of the testator will be effected (1 Roper, 86, 87, 90, 91; 7 Ves. 522); and even the words "*issue of his body,*" when applied to personal property, has been construed to mean *children* (1 Roper, 91; 1 Ves. Jr. 143 to 149), which would never be the case as to lands. Issue may, from the context, mean children (2 Jarman, 26, 27, 258, 259). And children construed issue when thereby the intention will be promoted (2 Jarman, 258). Dying without issue was construed to mean dying without leaving children living at the time of his death (Fearne, 471, 472; 3 P. W. 258).

To counteract the effect of these principles, we are referred to Rewalt *v.* Ulrich (11 H. 388); but that case varied essentially from this. The principal expression there was "die without heirs," which may import an indefinite failure of issue, which is too remote. The case of Haldeman *v.* Haldeman (4 Wright, 29) was a devise of real estate, and the words there used were held to create an estate tail, which was unquestionably correct as to land, but might and probably would have been differently construed if applied to chattels alone, without including real estate. This subject has been recently considered by us with great care in the case of Weltmer's Estate, where the words used much more nearly indicated the creation of an estate tail than those contained in the will under consideration; and we then sustained the limitation over on the principles now indicated, and that decision was affirmed by the Supreme Court. We are of the opinion that the seven hundred dollars mentioned in the case stated must be invested for the use of Margaret Matter during her life, she to receive the annual interest thereof, and on her death, without leaving a child or children then living, the principal must go into the general estate of George Fetterhoff, to be distributed among his heirs. This, we think, will fully effectuate the intention of the testator.

*Alricks, for plaintiff.*

*Mumma and Muench, for defendant.*